IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN M. HUCKEBA, #1222324, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1947-B |
| | ) | ECF |
| TDCJ ADMINISTRATION, | ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is currently confined at the Neal Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Defendants is TDCJ Administration. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: The complaint alleges TDCJ failed to conduct a risk assessment before his release on parole in 2003 in accordance with Tex. Code of Crim. Proc. 62.031 and 62.04, which would have obviated his need to register as a sex offender. According to Plaintiff, his name appeared in the Titus County newspaper as a sex offender in 2003, although he is "only

a risk level one (no-threat) only exposure." He requests monetary relief for slander.[1]

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the District Court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The complaint seeks monetary relief against TDCJ, a State instrumentality. The Eleventh Amendment bars suit against a state or a state entity regardless of whether money damages or

---

[1] In grievances attached to the complaint, TDCJ has informed Plaintiff that his request for a risk assessment in connection with his upcoming re-release on parole is *not grievable*. Insofar as Plaintiff requests that a risk assessment be conducted in connection with his upcoming parole, the Court notes that the statutes on which he relies were repealed effective September 1, 2005. An Individual Risk Assessment must now be conducted by the Council on Sex Offender Treatment when an individual with a single reportable adjudication or conviction files a written request. See Tex. Code of Crim. P. 62.403 (effective Sept. 1, 2005). Upon receiving such assessment, an individual is required to file with the convicting court a motion for early termination of the obligation to register as a sex offender. See Tex. Code of Crim. P. 62.404 (effective Sept. 1, 2005).

injunctive relief is sought.  Aguilar v. Texas Dept. of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998); see also Briggs v. Mississippi, 331 F.3d 499 (5th Cir. 2003).  As a state instrumentality, TDCJ is immune from a suit seeking monetary relief on Eleventh Amendment grounds.  Aguilar, 160 F.3d at 1054.  Therefore, Plaintiff's complaint is barred by the Eleventh Amendment.

Even if not barred by the Eleventh Amendment, Plaintiff's complaint fails to allege a federal claim.  To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements:  (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

The allegations in Plaintiff's complaint, even when liberally construed in accordance with his *pro se* status, pertain only to alleged violations of procedures established under state law.  Plaintiff's claim amounts at most to negligence, which is not actionable under § 1983. Daniels v. Williams, 474 U.S. 327, 328 (1986); see also Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995).  To the extent Plaintiff seeks relief for slander, his claim fails to raise a constitutional violation.  Allegation of an injury solely to a plaintiff's reputation is insufficient to establish liability for civil rights violation under § 1983.  See, e.g., Paul v. Davis, 424 U.S. 693, 711-12 (1976) (interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection under § 1983); Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994) (same); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990) (same); see also Mowbray v. Cameron County, Tex., 274 F.3d 269, 277 (5th Cir. 2001).

Moreover, the United States Supreme Court has upheld sex offender registration statutes.

See Smith v. Doe, 538 U.S. 84 (2003) (Alaska Sex Offender Registration Act did not violation *Ex Post Facto* Clause); Connecticut Department of Public Safety v. Doe, 538 U.S. 1 (2003) (notification provisions of sex offender registration law do not violate procedural due process); see also Moore v. Avoyelles Correctional Center, 253 F.3d 870, 872 (5th Cir. 2001) (Louisiana sex offender notification law does not violate the Constitution's proscription of *ex post facto* laws.); Rollins v. Collier, 3:05cv1207-D (N.D. Tex., Dallas Div., Oct. 18, 2005), findings conclusions and recommendation accepted by District Court (Dec. 5, 2005) (holding that Texas Sex Offender Registration Program did not violate *Ex Post Facto* Clause*)*; Rodriguez v. State, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (holding that Texas state sex offender registration statute poses no *ex post facto* violation because there is no evidence of punitive intent in the legislative history).

RECOMMENDATION:

For the forgoing reasons, it is recommended that the District Court dismiss Plaintiff's complaint with prejudice as frivolous and for seeking relief against a Defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1) and (2), and 1915(e)(2)(B)(i) and (iii).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 2nd day of February, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.